UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
PAUL A. AMELIO,

    Debtor.
_____/

PAUL A. AMELIO,

    Appellant,

v.                                                       Case No. 8:23-cv-1418-TPB
                                                         Bankr. No. 8:23-bk-608-RCT

UNITED STATES TRUSTEE,

    Appellee.
_____/

**ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING WITHOUT PREJUDICE DEBTOR'S MOTION TO CONSOLIDATE APPEALS**

      This matter is before the Court on Appellant Paul A. Amelio's *pro se* appeal of the bankruptcy court's May 25, 2023, order denying motion to consolidate. (Doc. 4-1). Appellant filed his initial brief on May 1, 2024. (Doc. 15). The named appellee, the United States Trustee, previously indicated that she would not participate in the appeal because the United States Trustee is not an interested party with respect to the issues adjudicated in the bankruptcy court's orders and is not an interested party with respect to this appeal. (Doc. 2).

      On February 21, 2023, Appellant and Debtor Paul A. Amelio filed for Chapter 13 bankruptcy in the United States Bankruptcy Court of the Middle District of Florida. This particular appeal arises from a bankruptcy order that denied his

motion to consolidate appeals and for payment of a single filing fee.[1]  The only issue in this case is whether it was appropriate for the bankruptcy court to deny without prejudice Appellant's motion to consolidate the six separate appeals filed in the bankruptcy case.  The Court has reviewed the bankruptcy record, including the supplemental record.  (Docs. 4; 12).  The Court has also reviewed Appellant's brief.  (Doc. 15).

A ruling on whether consolidation is appropriate is reviewed under an abuse of discretion standard.  *See, e.g.*, *Eghnayem v. Boston Scientific Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (explaining that appellate court reviews consolidation ruling under abuse of discretion standard); *Wright v. Dougherty County, Ga.*, 358 F.3d 1352, 1354 (11th Cir. 2004) (same); *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 760 (11th Cir. 1995) (same).  "To find an abuse of discretion, the appellate court must find that, on an examination of the record as a whole, the action complained of adversely affected the substantial rights of the complaining party."  *Id.* at 760.

The bankruptcy court denied Appellant's motion to consolidate without prejudice, believing that consolidation would be better addressed by the district court.  There is no abuse of discretion here.  *See Kenny v. Deutsche Bank Nat'l Tr. Co.*, No. 2:21-cv-9-SPC-NPM, 2021 WL 1238402, at *1 (M.D. Fla. Apr. 3, 2021) ("Whether to consolidate cases on appeal is a matter handled by the appellate court.").  Appellant was given the opportunity to file separate appeals and seek

---

[1] The bankruptcy order also granted a short extension of time to pay the filing fees for certain appeals.  Appellant has not appealed that decision.

consolidation once those appeals were docketed with the district court, but he elected to not do so.

Moreover, reviewing the orders and appeals that Appellant wished to consolidate, the Court believes consolidation would not have been appropriate. Appellant sought to consolidate six different appeals of six different orders – (1) an order granting a motion for relief from the automatic stay by the City of Middleton, New York; (2) an order granting a motion for prospective relief from stay and providing prospective relief *in rem* for two years in favor of U.S. Bank Trust National Association, as Trustee of Chalet Series III Trust; (3) an order denying a motion for recusal; (4) an order granting a motion to file documents under seal and denying without prejudice a motion for appointment of next friend to the debtor; (5) an order granting the City of Middleton, New York's request for judicial notice and motion to dismiss the case with prejudice; and (6) an order denying confirmation, dismissing case, and imposing a bar to future filings for a period of 180 days. Contrary to Appellant's assertions, the six appeals do not relate to the same subject matter or concern the same parties.  Although some of the appeals may involve some common facts, the orders address separate and independent types of relief based upon different legal standards, and they involve different parties.  In fact, the only true commonality appears to be that the appeals are all taken by Appellant from orders entered in his Chapter 13 bankruptcy case.

The bankruptcy court did not abuse its discretion when denying without prejudice the motion to consolidate.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The bankruptcy court's "Order (I) Denying Motion to Consolidate and Combine Appeals and for Payment of a Single Filing Fee, and (II) Extending, for Seven Days, Deadline to Pay Filing Fees for Certain Appeals" (Doc. 4-1) is **AFFIRMED**.

2. The Clerk is directed to transmit a copy of this Order to the bankruptcy court, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of May, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE